UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GARY L. SMITH,

    Petitioner,

v.                                          Case No. 5:05-cv-502-Oc-10GRJ

STAN YATES, Warden,

    Respondent.

## ORDER OF DISMISSAL

    Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Petitioner alleges that while he was confined at the Coleman Correctional Complex he was placed in the Special Housing Unit and had his visiting and telephone privileges revoked without a disciplinary process. Petitioner maintains that he was denied due process of law in violation of the Fourteenth Amendment and suffered cruel and unusual punishment in violation of the Eighth Amendment.  Petitioner is seeking a declaratory judgment that Respondent violated his Due Process rights.

    Petitioner's allegations are not consistent with a petition for the writ of habeas corpus.  It is clear from the face of his Petition that Petitioner is challenging the conditions of his confinement rather than the execution of his sentence.  "[T]he common-law history of the writ, . . . the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function

of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The only relief that can be gained in a habeas action is an immediate or speedier release from custody. Moreover, a prisoner is not entitled to release from confinement if the conditions of confinement violate the Eighth Amendment. Gomez v. United States, 899 F.2d 1124, 1126 (11th Cir. 1990).

Thus, Petitioner's claims are not cognizable under 28 U.S.C. § 2241. Petitioner should have filed this claim pursuant to a civil rights complaint. Preiser, 411 U.S. at 500. Accordingly, this case is **DISMISSED without prejudice** to the Petitioner's right to re-file his claims in a civil rights complaint.[1] The Clerk is directed to enter judgment dismissing this case without prejudice, terminate any motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 24th day of February 2006.

UNITED STATES DISTRICT JUDGE

c:  Gary L. Smith

---

[1] The Court is unable to construe this case as a civil rights claim because Petitioner has already paid the $5.00 filing fee required in a habeas corpus proceeding. The required filing fee for a civil rights case is $250.00.

2